IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **ROBIN WRENN,** | ) |
| | ) |
| **Plaintiff,** | ) |
| v. | ) Case No. 11-981-HE |
| | ) |
| **MICHAEL J. ASTRUE,** | ) |
| **COMMISSIONER,** | ) |
| **SOCIAL SECURITY** | ) |
| **ADMINISTRATION,** | ) |
| | ) |
| **Defendant.** | ) |

## REPORT AND RECOMMENDATION

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the final decision of the Commissioner of the Social Security Administration (Commissioner) denying her applications for social security income and disability insurance benefits. Pursuant to an order entered by United States District Judge Joe Heaton, the matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). The Commissioner has answered and filed the administrative record (hereinafter Tr. ____). Both parties have briefed their respective positions, and so the matter is at issue. For the reasons stated herein, it is recommended that the decision of the Commissioner be **AFFIRMED**.

## PROCEDURAL HISTORY

Plaintiff protectively filed her applications on January 11, 2008, alleging that she has been disabled since April 1, 2007, because of blood clots in her legs, fibroid tumor,

breast tissue abnormalities, and high blood pressure. Tr. 138, 143. The applications were denied on initial consideration and on reconsideration at the administrative level. Tr. 57-68, 71-76. Pursuant to Plaintiff's request, a hearing was held before an administrative law judge (ALJ) on September 30, 2009. Tr. 28-56, 79-80. Plaintiff appeared in person with her attorney and offered testimony in support of her application. Tr. 28, 34-51.  A vocational expert (VE) testified at the request of the ALJ. Tr. 28, 51-55, 114-115. The ALJ issued her decision on July 14, 2010, finding that Plaintiff was not disabled within the meaning of the Social Security Act and that she was not entitled to benefits. Tr. 15-17, 18-27. On August 1, 2011, the Appeals Council denied Plaintiff's request for review, and so that decision became the final decision of the Commissioner. Tr. 1-3.

## THE ADMINISTRATIVE DECISION

In determining that Plaintiff was not disabled, the ALJ followed the sequential evaluation process set forth in 20 C.F.R. § 404.1520 and § 416.920. Tr. 19-20. She first found that Plaintiff had not engaged in substantial gainful activity since April 1, 2007, the alleged disability onset date. Tr. 20. At step two, the ALJ found that Plaintiff suffered from the severe impairments of hypertension and obesity. Tr. 20. However, at step three she found that these impairments were not severe enough to meet or equal one of the impairments listed in 20 C.F.R. Part 404, Appendix 1, Subpart P, Social Security Regulations, No. 4.  Tr. 20-21. The ALJ also found that Plaintiff suffered from uterine fibroids and breast abnormalities, but that these were non-severe impairments.

2

Tr. 21-23. The ALJ next found that Plaintiff had the residual functional capacity (RFC) to perform a limited range of sedentary work. Tr. 23. The ALJ found that Plaintiff could occasionally stoop, climb stairs, or use ramps; could not balance, kneel, crawl, or crouch; and could not climb ladders, ropes or scaffolds. Tr. 23. The ALJ found at step four of the sequential evaluation process that Plaintiff could not perform any of her past relevant work (PRW), which consisted of CNA, home health aide, and convenience store cashier. Tr. 25. At step five, using the Medical-Vocational Guidelines as a framework and the testimony of the vocational expert, she further found that a person with Plaintiff's RFC and vocational factors could perform work such as charge account clerk, food and beverage order clerk, printed circuit board assembler, admit clerk, and telemarketer. Tr. 26. Accordingly, the ALJ found that Plaintiff was not disabled and was not entitled to benefits. Tr. 26.

## STANDARD OF REVIEW

Judicial review of the Commissioner's final decision is limited to determining whether the factual findings are supported by substantial evidence in the record as a whole and whether the correct legal standards were applied. *See Poppa v. Astrue*, 569 F.3d 1167, 1169 (10th Cir. 2009). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003) (quotation omitted). A decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it. *Branum v. Barnhart*, 385 F.3d 1268, 1270 (10th

Cir. 2004). The court "meticulously examine[s] the record as a whole, including anything that may undercut or detract from the [administrative law judge's] findings in order to determine if the substantiality test has been met." *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (citations omitted). While the court considers whether the ALJ followed the applicable rules of law in weighing particular types of evidence in disability cases, the court does not reweigh the evidence or substitute its own judgment for that of the Commissioner. *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008) (quotations and citations omitted).

To determine whether a claimant is disabled, the Commissioner employs a five step sequential evaluation process. 20 C.F.R. § 404.1520. The claimant bears the burden to establish a prima facie case of disability at steps one through four. *Williams v. Bowen*, 844 F.2d 748, 751 & n.2 (10th Cir. 1988). If the claimant successfully carries this burden, the burden shifts to the Commissioner at step five to show that the claimant retains sufficient RFC to perform work in the national economy given the claimant's age, education, and work experience. *Williams*, 844 F.2d at 751.

## ISSUES PRESENTED

Plaintiff raises three claims of error. First, she claims that the ALJ erred in not finding her fibroid tumors to be a severe impairment, or to consider the impairment together with all of her medically determinable impairments. Plaintiff's Opening Brief, 4. Second, she claims that the ALJ failed to adequately develop the record as demonstrated by the lack of an apparent medical basis for her RFC finding. *Id.* at 5.

Third, and finally, Plaintiff claims that the ALJ failed to impose any limitations caused by her obesity—an impairment the ALJ found to be severe. Plaintiff's Brief in Chief, 6.

## DISCUSSION

### I. FAILURE TO PROPERLY CONSIDER PLAINTIFF'S FIBROID TUMORS

As noted, Plaintiff's first claim is that the ALJ erred either in not finding Plaintiff's fibroid tumors to be severe, or in not considering the impairment with all of Plaintiff's medically determinable impairments. Plaintiff's Brief in Chief, 4. The Commissioner responds that as long as the ALJ finds at least one severe impairment, the sequential analysis continues. Response Brief in Support of Defendant's Administrative Decision Denying Disability Benefits to Plaintiff (Commissioner's Brief), 6. Thus, failure to find additional impairments to be severe is not reversible error. *Id.* Alternatively, the Commissioner argues that Plaintiff failed to prove that there were any significant limitations of basic work activities, making the ALJ's severity finding proper. *Id.* at 7.

The undersigned finds that any error in the ALJ's failure to include Plaintiff's fibroid tumors as one of her severe impairments at step two of the analysis was harmless. First, step two was already resolved in Plaintiff's favor, e.g., the ALJ found Plaintiff's obesity and high blood pressure to be severe and properly continued the sequential decision making process until reaching a decision at step five. *Carpenter v. Astrue*, 537 F.3d 1264, 1266 (10th Cir. 2008) (any error at step two became harmless when ALJ reached proper conclusion that claimant could not be conclusively denied benefits at step two and proceeded to step three).

Social Security Administration regulations provide that in determining whether a "physical or mental impairment or impairments are of a sufficient medical severity that such impairment or impairments could be the basis of eligibility under the law," the combined effect of all of impairments must be considered without regard to whether any impairment, considered separately, would be of sufficient severity. 20 C.F.R. § 404.1523; 20 C.F.R. § 416.923.

It is clear from the decision that the ALJ, in fact, properly considered Plaintiff's fibroid tumors in making her finding as to Plaintiff's overall limitations. *See* Tr. 21 ("claimant's uterine fibroids are not 'severe' in that they do not impose any significant work-related limitations" and they have "responded well to appropriate treatment."). The ALJ noted that Plaintiff had been advised that no action was necessary after her December 2007 ultrasound; that Plaintiff's irregular menses was found to be due to obesity; and that removal of the fibroid was not recommended at that time. Tr. 22. The ALJ discussed that subsequent follow up examinations showed the tumor to be unchanged and benign, and that Plaintiff's monthly periods were only lasting two or three days. Tr. 22. The undersigned's review of the medical evidence reveals that none of Plaintiff's treating physicians opined that her fibroid tumors imposed any functional limitations.

In connection with his claim that Plaintiff's fibroid tumors were severe, Plaintiff notes that she complained of leg pain. Plaintiff's Opening Brief, 4-5. Plaintiff cites the Mayo Clinic website in support of his general claim that leg pain is a common symptom

6

of fibroids. *Id.* at 4. However, The undersigned is not sure what bearing this has on Plaintiff's argument that the ALJ erred in finding her fibroid tumors to be nonsevere, as there is no evidence connecting Plaintiff's leg pain complaints to her uterine fibroids. Although it is true that the ALJ stated at one point in the decision that" [t]here are no complaints in the record of leg pain," she was obviously aware from the hearing testimony that Plaintiff had made complaints of leg pain and been prescribed pain medication. Tr. 24, 40. Indeed, the record shows such complaints from time to time. Tr. 434, 436-438. However, the record does not support any connection between Plaintiff's uterine fibroids and her intermittent leg pain. In October 2010, Dr. Nieman, Plaintiff's primary care physician, ordered an ultrasound to see if the fibroid might be causing a nerve impingement resulting in pain. Tr. 468. The ultrasound was conducted on October 6, 2010, but there is nothing in the report indicating that the fibroid was impinging on a nerve. Tr. 473. In any event, even if there were a connection between Plaintiff's leg pain and her uterine fibroids, any failure to find the uterine fibroids to be a severe impairment is a harmless error for the reasons set forth above.

In light of the evidence, the undersigned finds any error by the ALJ in failing to find Plaintiff's fibroid tumors severe at step two to be harmless. Furthermore, the ALJ properly considered this impairment in combination with Plaintiff's other impairments in reaching her finding of nondisability at step five. Accordingly, Plaintiff's first claim of error is without merit.

## II. FAILURE TO DEVELOP THE RECORD

Second, Plaintiff contends that some of the "multiple, serious complications during her pregnancy" required continuing medical care "probably for her lifetime." Plaintiff's Opening Brief, 5. She agrees with the ALJ's decision to not adopt the findings of the state medical consultants, who concluded that Plaintiff was capable of a full range of medium work. *Id.* (citing Tr. 25). However, she argues that it is "not clear what medical basis the ALJ used in arriving [at] her determination of the Plaintiff's residual functional capacity." Plaintiff's Opening Brief, 5. She further submits that because her treating physicians gave no opinions regarding Plaintiff's ability to work, the ALJ should have re-contacted them or ordered a consultative examination. *Id.* at 5-6.

The Commissioner responds that he has broad latitude in deciding whether to order a consultative examination, and that an ALJ only has a duty to re-contact a treating physician when the opinion is inadequate to determine whether a claimant is disabled. Commissioner's Brief, 8-9. He further notes that a treating physician's failure to opine as to a claimant's capacity to work does not trigger the need for a consultative examination. *Id.* at 9. Finally, he notes that in any event such an opinion would be on an issue reserved to the Commissioner and not a "medical opinion." *Id.*

The undersigned agrees with the Commissioner that the ALJ in this case was not required to either re-contact Plaintiff's doctors or order a consultative examination. As stated by the Tenth Circuit:

8

> We begin by acknowledging that the [Commissioner] has broad latitude in ordering consultative examinations. *See Diaz v. Secretary of Health & Human Servs.*, 898 F.2d 774, 778 (10th Cir.1990). Nevertheless, it is clear that, where there is a direct conflict in the medical evidence requiring resolution, *see* 20 C.F.R. § 404.1519a(b)(4), or where the medical evidence in the record is inconclusive, *see Thompson v. Sullivan*, 987 F.2d 1482, 1491 (10th Cir.1993), a consultative examination is often required for proper resolution of a disability claim. Similarly, where additional tests are required to explain a diagnosis already contained in the record, resort to a consultative examination may be necessary.

*Hawkins v. Chater*, 113 F.3d 1162, 1166 (10th Cir. 1997). Plaintiff has failed to identify any conflict in the medical evidence, and the undersigned's review reveals none. The gist of Plaintiff's argument is that the medical records are not conclusive because the treating physicians failed to opine as to her ability to work. However, it would be of no assistance to re-contact Plaintiff's doctors to obtain such an opinion as such is on an issue reserved to the Commissioner. *Cowan v. Astrue*, 552 F.3d 1182, 1189 (10th Cir. 2008). The records of Plaintiff's treating physicians are more than adequate to determine whether she is disabled due to her impairments.

Further, Plaintiff's counsel did not request further development of the record. "[W]hen the claimant is represented by counsel at the administrative hearing, the ALJ should ordinarily be entitled to rely on the claimant's counsel to structure and present claimant's case in a way that the claimant's claims are adequately explored." *Hawkins*, 113 F.3d at 1167-1168. In a counseled case, the ALJ should be able to rely on counsel to identify any issues requiring further development. *Id.* at 1168; *Glass v. Shalala*, 43

F.3d 1392, 1394-96 (10th Cir. 1994) (refusing to remand for further development where ALJ carefully explored applicant's claims and counsel failed to specify additional information sought).

Plaintiff appears to take issue with the very limited RFC finding in this case, questioning its medical basis. The state medical consultants found the medical evidence to support a full range of medium work. Tr. 389-96. In failing to adopt that finding, the ALJ specifically stated that her own review of the medical evidence and *Plaintiff's testimony* revealed greater limitations. Tr. 25. The undersigned finds the ALJ's conclusion that Plaintiff's ability to perform sedentary work was further limited because she could only occasionally stoop, climb stairs, or use ramps, and could not balance, kneel, crawl, crouch, climb ladders, ropes or scaffolds, to be consistent with Plaintiff's testimony. The ALJ thoroughly discussed the medical record, and gave good reasons for her treatment of Plaintiff's subjective complaints. Tr. 20-23, 23-25. The undersigned finds that the ALJ did not fail to adequately develop the record, and so Plaintiff's second claim of error is without merit.

### III. THE ALJ'S CONSIDERATION OF PLAINTIFF'S OBESITY

In her third claim of error, Plaintiff contends that the ALJ erred in failing to "ascribe any limitations specifically to the Plaintiff's obesity." Plaintiff's Opening Brief, 6. She notes that Social Security Ruling 02-1p requires an assessment of the effect obesity has upon an individual's ability to perform routine movement and necessary physical activity in the work environment. Plaintiff's Opening Brief, 6. She then notes her

testimony regarding her difficulty in lifting, squatting, standing, walking, kneeling, climbing stairs, and the need to rest often when walking. *Id.*

The Commissioner responds that in restricting Plaintiff to sedentary work, the ALJ considered all of Plaintiff's limitations—including those caused by obesity. Commissioner's Brief, 11. He also contends that Plaintiff fails to contest the ALJ's credibility finding, in which she found Plaintiff's subjective complaints to lack credibility to the extent they were in conflict with the RFC. *Id.* Finally, he argues that by limiting Plaintiff to sedentary work, the ALJ necessarily found that she was able to perform work activities on a regular and continuing basis. *Id.* at 12. The undersigned agrees with the Commissioner that the ALJ properly considered Plaintiff's obesity in reaching her finding as to Plaintiff's limitations.

The ALJ acknowledged that Plaintiff had been diagnosed with obesity and that the effects of obesity must be evaluated under the guidance of SSR 02-1p. Tr. 20-21. The effects of obesity must be considered at each step of the sequential evaluation. At step two, an ALJ must decide whether a claimant's obesity is severe either alone or in combination with other impairments:

> As with any other medical condition, we will find that obesity is a "severe" impairment when, alone or in combination with another medically determinable physical or mental impairment(s), it significantly limits an individual's physical or mental ability to do basic work activities. (For children applying for disability under title XVI, we will find that obesity is a "severe" impairment when it causes more than minimal functional limitations.) We will also consider the effects of any symptoms (such as pain or fatigue) that could limit functioning. (See SSR 85-28, "Titles II and XVI: Medical

> Impairments That Are Not Severe" and SSR 96-3p, "Titles II and XVI: Considering Allegations of Pain and Other Symptoms In Determining Whether a Medically Determinable Impairment Is Severe.") Therefore, we will find that an impairment(s) is "not severe" only if it is a slight abnormality (or a combination of slight abnormalities) that has no more than a minimal effect on the individual's ability to do basic work activities (or, for a child applying under title XVI, if it causes no more than minimal functional limitations). There is no specific level of weight or BMI that equates with a "severe" or a "not severe" impairment. Neither do descriptive terms for levels of obesity (e.g., "severe," "extreme," or "morbid" obesity) establish whether obesity is or is not a "severe" impairment for disability program purposes. Rather, we will do an individualized assessment of the impact of obesity on an individual's functioning when deciding whether the impairment is severe.

SSR 02-1p, 2000 WL 628049 at *4.

Obesity can cause limitation of function. The functions likely to be limited depend on many factors, including where the excess weight is carried. An individual may have limitations in any of the exertional functions such as sitting, standing, walking, lifting, carrying, pushing, and pulling. It may also affect ability to do postural limitations, such as climbing, balance, stooping, and crouching.... Social Security Ruling 02-1p, 2000 WL 628049, *6.

As noted above, the administrative law judge found that Plaintiff's obesity was a severe impairment. Moreover, the postural limitations included by the ALJ in her RFC finding and the fact that she limited Plaintiff to sedentary work belie Plaintiff's argument. In short, the ALJ considered Plaintiff's obesity and determined that it limited her functional abilities, but Plaintiff objects because the limitations she imposed are less

12

severe than the limitations she believes are appropriate. In particular, Plaintiff suggests that the ALJ failed to comply with the part of SSR 02-1p that requires consideration of an obese claimant's ability to work on a regular and continuing basis. Plaintiff's Opening Brief, 6.

The fact that the ALJ did not find Plaintiff incapable of sustained work activity does not mean she failed to consider Plaintiff's obesity in reaching her decision. Indeed, the ALJ concluded that Plaintiff could only occasionally stoop, climb stairs or ramps, and cannot balance, kneel, crawl, crouch, or climb ladders/ropes/scaffolds. Tr. 23. The ALJ not only limited Plaintiff to sedentary work, she imposed significant postural limitations despite the fact that none of Plaintiff's treating physicians ever opined that any of Plaintiff's impairments limited her ability to walk, stand, sit, or affected her postural abilities. Thus, the undersigned finds that the ALJ not only considered Plaintiff's obesity—which she found to be severe—in conjunction with her other medical conditions, but imposed significant limitations consistent with those often accompanying obesity as noted in SSR 02-1p. Accordingly, Plaintiff's third claim of error is without merit.

## RECOMMENDATION

Having reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the ALJ and the pleadings and briefs of the parties, the undersigned magistrate judge finds that the decision of the Commissioner is supported by substantial evidence and should be **AFFIRMED**.

**NOTICE OF RIGHT TO OBJECT**

The parties are advised of their right to file specific written objections to this Report and Recommendation. *See* 28 U.S.C. §636 and Fed. R. Civ. P. 72. Any such objections should be filed with the Clerk of the District Court by **September 21, 2012**. The parties are further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

**STATUS OF REFERRAL**

This Report and Recommendation terminates the referral by the District Judge in this matter.

**ENTERED on September 4, 2012.**

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE